IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARIEN CANTRELL HARRIS, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:05-CV-372 DF |
| VS. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:03-CR-84 WDO |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

Indictment was returned in this court on September 24, 2003, charging Petitioner with Possession With Intent To Distribute Cocaine Base in violation of 21 U.S.C.§ 841(a)(1) and 18 U.S.C. § 841(b)(1)(B)(iii). (R-1). He entered into a Plea Agreement (R-11) with the Government and pled guilty to the Indictment charge on February 5, 2004 (R-12). After a Pre-Sentence Investigation was reported to the court, Petitioner Harris was sentenced to a term of 97 months imprisonment on May 18, 2004. (R-25). Petitioner filed no direct appeal and his sentence was therefore final on May 28, 2004, when his time for Notice of Appeal expired. *See* Federal Rule of Appellate Procedure 4(b)(1)(A)(i); *Adkins v. United States,* 204 F.3d 1086, 1089(11th Cir. 2000) (When no direct appeal is made, the judgment of conviction becomes final once "the opportunity for direct appeal of the judgment is

exhausted.").

On September 22, 2005, according to the date given at his signature, Petitioner Harris filed an Application For Writ of Habeas Corpus in The Superior Court of Gwinnett County (R-27), wherein he alleged that the judgment of conviction under attack arose on November 6, 2004, from the Superior Court of Bibb County, State of Georgia.  However, at ¶ 12A of the Application, Petitioner stated that he had sought sentence review in the Superior Court of Bibb County, Georgia [in Case No.] 5 03 CR 84.  Upon a determination that 5:03-CR-84 was Petitioner's instant federal Case Number, his Application For Writ of Habeas Corpus was transferred on October 13, 2005, to this court for review as a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255.

Petitioner's Motion is intimely, even if this court considers the filing date to have been September 22, 2005, when Petitioner Harris signed the Application For Writ of Habeas Corpus directed to the Superior Court of Gwinnett County, Georgia.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255,effective on April 24, 1996, in relevant part provides as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
> (1) the date on which judgment of conviction becomes final;
> (2) the date on which impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The 1-year which Petitioner Harris had to file a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, began to run from the finality of his conviction on May 29, 2004, and expired on May 28, 2005, a period of approximately four months before Petitioner filed his present action on September 22, 2005.  His petition was time-barred when he filed it.  *See, Irwin v. Department of Veteran's Affairs,* 498 U.S. 89, 95-96, 111 S. Court. 453, 457 (1990) "(Federal Courts) have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." While a pro se petitioner's pleadings may be given liberal construction, "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis,* 197 F. 3d 1098, 1104 (11th Cir. 1999).

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED as barred by the AEDPA statute of limitations contained in 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 6th day of July 2006.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE